Argued October 26, affirmed November 10, petition for
rehearing denied December 13, 1972, petition for
review denied January 23, 1973

SCARPELLINI, *Respondent, v.* BLUE RIVER
VENEER ET AL, *Appellants.*

502 P2d 616

*Philip A. Mongrain,* Portland, argued the cause and
filed the briefs for appellants.

*Keith E. Tichenor,* Portland, argued the cause for
respondent. On the brief were Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and
FORT, Judges.

FORT, J.

Claimant's right eye was injured on April 7, 1969. A Determination Order issued by the Workmen's Compensation Board awarded temporary total disability but no permanent disability. Claimant requested a hearing. The hearing officer issued his Opinion and Order finding the claimant had sustained 100 per cent permanent disability of his right eye.

On appeal by the employer, the Workmen's Compensation Board affirmed the hearing officer. On further appeal by the employer, the circuit court judge affirmed the Workmen's Compensation Board. Employer appeals.

At the time of the injury the sight in the right eye of claimant, as the result of a previous nonindustrial accident, was severely impaired. Its condition prior to the injury as found by the hearing officer was:

"Claimant testified that just prior to the 1969 injury, he could, with the right eye, see shadows, light, movement and such as the glare of car lights at night, and that he could see hand, and finger movement at 1½ to 2 feet distance. There appeared to be no reason to question the claimant's credibility."

He concluded:

"The claimant's right eye, just prior to the accident, was probably industrially useless, in terms of its being of any benefit in performing his duties on for example, the green chain. The eye was of some personal utility to the claimant. It perhaps helped him in his ability to 'get around.' To that extent it contributed to his total capacity to do his job. In other words, he was better off with it than without it."

In *Wilson v. State Ind. Acc. Comm.*, 189 Or

114, 219 P2d 138 (1950), the court considered a case where a man lost the sight of an eye in covered employment. The evidence indicated that although prior to the injury he might well be considered to be blind in that eye for industrial purposes, nevertheless he did have some useful vision in the eye prior to the injury. Our Supreme Court held:

"Let us now look to the law on the question. Under the Workmen's Compensation Act of this state, an injured workman is compensated for the total loss of the sight of an eye without regard to whether or not the eye was perfect prior to the accident. * * *" 189 Or at 119.

After examining the statute and decisions from other jurisdictions, it stated:

"There is evidence in the instant case that claimant had sight in his left eye for all practical purposes, and as said by Dr. Beattie: 'It is considered useful vision. It is not a vision that you could do a job with that required any skill or is difficult, but it is a very useful vision.'

"The evidence is devoid of claimant's ever having received compensation for the loss of partial vision of his eye, and in this case, the jury having found that claimant had lost the entire sight of his eye, claimant would be entitled to an award by the Commission of 100 per cent." 189 Or at 122-23.

Appellant does not seriously contend that the rule of *Wilson,* if still applicable, does not require affirmance of the case at bar, stating in its brief:

"Considered in conjunction with the now definitely stated and above-cited principles of evaluation of scheduled disability, it appears the *Wilson* case no longer represents the law in Oregon. Based upon existing law, the claimant in this case was not entitled to have included in any award his previously existing great visual impairment. Accordingly,

he was entitled to either no permanent disability as a result of his injury or at most only a few degrees."

It suggests that the appropriate rule should be

"\* \* \* To the extent a person has severely impaired monocular vision prior to his injury, he cannot to that extent suffer a loss of monocular vision as a result of the injury. To that extent, he has no 'loss of monocular vision' to include in the statutory proportion. It is the loss due to the injury that is the primary consideration, not the remaining useful vision."

Appellant urges that such rule is deducible from the opinion of our Supreme Court in *Surratt v. Gunderson Bros.*, 259 Or 65, 485 P2d 410 (1971), when considered in the light of the statutory amendment made since *Wilson* was decided.

We disagree. In the first place, *Surratt* did not deal with scheduled injuries. In the second place, *Surratt* nowhere mentions *Wilson*. In our view nothing in *Surratt* warrants the implication the Supreme Court intended to overrule *Wilson*, nor that it meant to substitute therefor the rule for which appellant here contends.

Our examination of the legislative history[1] lends

---

[1] The applicable statute at the time of Wilson v. State Ind. Acc. Comm., 189 Or 114, 219 P2d 138 (1950), was § 102-1760, OCLA, which provided in pertinent part "[f]or the permanent and complete loss of the sight of one eye, forty (40) degrees." The various changes in this provision are as follows:

Oregon Laws 1951, ch 332, pp 487-88, amended § 102-1760, OCLA, to read:

"\* \* \* \* \*

"(j) For the permanent and complete loss of the sight of one eye, 100 degrees.

no support to the contention that the changes in ORS 656.214 (2)(h) since *Wilson* indicate a legislative intent to change the rule announced in that case.

Affirmed.

---

"(k) For the partial loss of the sight of one eye, that percentage of 50 degrees that the loss bears to normal sight.

"* * * * *."

The next amendment, Oregon Laws 1953, ch 669, p 1239, changed the section to read:

"* * * * *

"(h) For partial or complete loss of vision of one eye, that proportion of 100 degrees which the loss of monocular vision bears to normal monocular vision.

"* * * * *."

The most recent amendment relative to this case, Oregon Laws 1957, ch 449, p 634, changed the section to read:

"* * * * *

"(h) For partial or complete loss of vision of one eye, that proportion of 100 degrees which the loss of monocular vision bears to normal monocular vision. For the purposes of this section, the term normal monocular vision shall be considered as Snellen 20/20 for distance and Snellen 14/14 for near vision with full sensory field.

"* * * * *."

In 1965 the term "paragraph" was substituted in place of the term "section." Oregon Laws 1965, ch 285, § 22d, p 576.